WO                                                                                                                          **JWB**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Scott Anthony Backus,            )   No. CV 08-2320-PHX-GMS (JRI)
                                 )
             Plaintiff,          )   **ORDER**
                                 )
vs.                              )
                                 )
                                 )
Jamie Gissel, et al.,            )
                                 )
             Defendants.         )
                                 )
_____  )

Plaintiff Scott Anthony Backus brought this civil rights action under 42 U.S.C. § 1983 against City of Mesa Police Officer Jamie Gissel. Gissel moves to dismiss Plaintiff's Complaint for failure to state a claim (Doc. 36). The motion is fully briefed (Docs. 38, 41). Plaintiff also filed a surreply, which Gissel moves to strike (Doc. 42, 44). Finally, Plaintiff seeks a suspension of his filing-fee payments during his incarceration (Doc. 43). The Court will grant Gissel's motion, deny the remaining motions, and dismiss this action.

**I.    Background**

**A.    Procedural**

Plaintiff commenced this action in May 2008 (Doc. 1). After several amendments, Plaintiff filed his Third Amended Complaint in September 2009 (Doc. 27). Plaintiff's two remaining claims stem from his May 3, 2008 arrest by Gissel (id. at 3). Plaintiff first alleged a malicious prosecution claim in violation of the Fourth Amendment, asserting that Gissel "falsified a legal document and lied in an investigative report" (id.) (Count I). Plaintiff also presented an unlawful arrest claim on the basis that Gissel arrested Plaintiff "without a

1 warrant or a valid legal cause" (id. at 12) (Count VI).[1]  The Court ordered Gissel to answer
2 Counts I and VI of the Third Amended Complaint (Doc. 32), and he filed a Motion to
3 Dismiss (Doc. 36).

**B.     Factual**

An Order of Protection (OP) was issued against Plaintiff in Mesa Municipal Court Docket No. 2007027534 on April 13, 2007; Plaintiff was served with the OP three days later (Doc. 36, Ex. 1, Attachs. C-D).  Plaintiff unsuccessfully challenged the OP in a municipal court hearing, and then appealed the OP to the Maricopa County Superior Court (Doc. 36, Exs. 2-3).  Plaintiff's appeal was denied on March 17, 2008 (Doc. 36, Ex. 4).

On December 7, 2007, while the appeal of the original OP was pending in superior court, the OP petitioner sought an amended OP in the Mesa Municipal Court (Doc. 36, Ex. 1, Attach. E).  The request contained the same docket number as the original OP, but otherwise did not reference the original OP (id.).  The municipal court issued an Amended Order of Protection (AOP) on December 7, 2007 (id., Attach. F).  The AOP was not served on Plaintiff until April 11, 2008 (id., Attach. G).  The AOP's Declaration of Service reflects that the Maricopa County Sheriff's Office deputy checked the box indicating that he was serving a "Petition and Order of Protection" and not a "Modified Order of Protection" (id.).

Arizona Revised Statute § 13-3602(L) states that a modified order of protection expires one year after service of the initial order and petition, so the AOP expired on April 15, 2008, one year from the original OP service date of April 16, 2007 (Doc. 36, Ex. 1, Attach. D).  The AOP stated on its face that it was an "Amended Order," effective for one year from date of service (id., Attach. F).  But the face of the AOP does not identify the date of issuance or service of the original OP (id.).

The victim called police on April 24, 2008, reporting a violation of the AOP (Doc. 36, Ex. 8 at 2).  The victim gave the investigating officer copies of the AOP and the Affidavit

---

[1] Upon screening, the Court dismissed City of Mesa Prosecutor Roy Horton as a Defendant (Doc. 32).  The Court also dismissed Counts II, III, IV, V, and VII for failure to state a claim (id. at 8).

1    of Service (id.).  The officer was unable to find Plaintiff (id.).

2         On April 28, 2008, Plaintiff filed a Petition to Quash an Order of Protection with the
3    Mesa Municipal Court (id. at 3).  On May 1, 2008, the court sent Plaintiff a letter denying
4    his request, stating that Plaintiff had been given a hearing and the OP had been affirmed on
5    appeal (id.).

6         On May 3, 2008, the victim again called the police alleging a violation of the AOP (id.
7    at 4).  Gissel was the investigating officer, and the victim gave Gissel copies of the AOP, the
8    Petition for an Order of Protection, the Affidavit of Service, and informed him that the AOP
9    had been served on April 11, 2008 (id.).  The victim and another witness told Gissel that
10   Plaintiff had passed by the residence several times in a car (id.).  Based on this information,
11   Gissel located Plaintiff a block away from the residence (id.).  Gissel asked Plaintiff about
12   the AOP, and Plaintiff stated he had signed it several weeks earlier while in jail (id.).
13   Plaintiff admitted to being in the car on the victim's street (id.).  Gissel arrested Plaintiff for
14   violation of the AOP (id.).  During the search incident to arrest, Gissel located drug
15   paraphernalia in Plaintiff's possession, which Plaintiff admitted was a meth pipe (id.).

16        With the assistance of court-appointed counsel, Plaintiff pleaded guilty to Ariz. Rev.
17   Stat. § 13-3415(A), Possession of Drug Paraphernalia, in Docket No. 2008-032289, and to
18   Ariz. Rev. Stat. § 13-2810(A)(2), Violating a Court Order, in Docket No. 2008-032291 (Doc.
19   36, Ex. 5).  Plaintiff was sentenced to three years unsupervised probation in each case, 180
20   days in jail with credit for 27 days time served and 75 days of jail postponed, to be served
21   concurrently (id., Ex. 6).

22        Plaintiff was informed by the municipal court in November 2008 that the AOP
23   expired April 15, 2008 (id., Ex. 7).  Plaintiff subsequently requested post-conviction relief
24   pursuant to Arizona Rule of Criminal Procedure 32 (id.).  Plaintiff argued that because the
25   AOP had expired at the time of his arrest on May 3, 2008, his convictions should be vacated
26   (id.).  The State conceded that because the AOP had expired by statute, the conviction for
27   violation of the AOP should not stand (id., Ex. 8 at 4).  The Mesa Municipal Court set aside
28

the conviction for violating the AOP, Docket No. 2008-032291 (Doc. 36, Ex. 1, Attach. A).

The State argued that at the time of the arrest and conviction, all parties believed the AOP was valid (id., Ex. 8 at 6). In his reply supporting his post-conviction petition, Plaintiff argued that Gissel did not have probable cause to arrest Plaintiff, that his drug paraphernalia conviction could only stand if the evidence would have inevitably been discovered, and Plaintiff's and Gissel's "past history" precluded a finding that the arrest was based on a good faith mistake (id., Ex. 7 at 9-11). The Mesa Municipal Court ruled that Gissel had probable cause to arrest Plaintiff, and that the drug paraphernalia found incident to arrest was admissible evidence in the criminal proceedings, Docket No. 2008032289 (id., Ex. 1, Attach. A). The court based this upon Arizona's statutory exception to the rule of exclusion of evidence, set forth in Ariz. Rev. Stat. §13-3925 (id.). Consequently, the court upheld the drug paraphernalia conviction (id.).

Plaintiff appealed the trial court's ruling on the drug paraphernalia conviction to the Maricopa County Superior Court (Doc. 36, Ex. 9). The Superior Court affirmed the trial court's order on January 4, 2010 (id., Ex. 10 at 2). Plaintiff asserts he is appealing the Superior Court's ruling to the Court of Appeals (Doc. 38 at 9).

**II.    Motion to Dismiss**

**A.    Defendant's Contentions**

Gissel moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff fails to state a claim upon which relief can be granted (Doc. 36). Gissel's primary argument is that Plaintiff's claims are barred under Heck v. Humphrey, 512 U.S. 477, 487 (1994), which held that a § 1983 action that would call into question the lawfulness of a plaintiff's conviction or confinement does not accrue and is not cognizable until and unless the plaintiff can prove that his conviction or sentence has been vacated or expunged (Doc. 36 at 5-6). Gissel contends that Plaintiff's malicious prosecution and false arrest claims are necessarily Heck-barred because success would imply the invalidity of Plaintiff's drug paraphernalia conviction and sentence (Doc. 36 at 6). The drug paraphernalia

1  conviction and sentence stand on the state court's finding that Gissel's arrest of Plaintiff was
2  supported by probable cause and made in good faith (id.).  Gissel contends that until
3  Plaintiff's drug paraphernalia conviction and sentence are reversed or otherwise deemed
4  invalid by a state court, his § 1983 claims are barred (id.).

5  Gissel also argues that Plaintiff's claims are barred by the doctrines of collateral
6  estoppel and res judicata (id.).  Gissel asserts that the doctrine of collateral estoppel bars a
7  party from relitigating an issue that has already been litigated to a determination on the merits
8  in another action (Doc. 36 at 6) (citing Gilbert v. Bd. of Med. Examiners, 745 P.2d 617, 622
9  (App. 1987)).  Gissel argues that the doctrine of res judicata bars a second suit based on the
10 same cause of action when there has been a judgment on the merits in a prior suit involving
11 the same parties (Doc. 36 at 7).  Gissel asserts that federal courts accord state court
12 judgments the same preclusive effect the judgment would have in state court (id.) (citing
13 Misischia v. Pirie, 60 F.3d 626, 629 (9th Cir. 1995)).  Gissel argues that Plaintiff had a full
14 and fair opportunity in state court to litigate whether he was falsely arrested and maliciously
15 prosecuted by Gissel (Doc. 36 at 7).  Gissel asserts that the issue was in fact litigated in the
16 Mesa Municipal Court and affirmed by the Maricopa County Superior Court, with a valid
17 and final decision on the merits rendered against Plaintiff (id.).  Gissel argues that therefore
18 Plaintiff is barred from bringing his claims that Gissel falsely arrested him and maliciously
19 prosecuted him (id.).

20  **B.     Plaintiff's Contentions**

21  Plaintiff argues that the May 3, 2008 arrest was illegal and was not made in good faith
22 (Doc. 38 at 1).  Plaintiff asserts that the trial court abused its discretion in granting relief
23 only on the violation of the order of protection conviction and not on the drug paraphernalia
24 conviction (id.).  Plaintiff contends that the "paraphernalia conviction is of moot value here
25 because the unlawful arrest occurred before the discovery of the paraphernalia, and a charge
26 incident to an illegal arrest can not preclude an illegal arrest" (id.).  Plaintiff argues that his
27 claims are not Heck barred because he has demonstrated that the conviction for violation of
28

- 5 -

the order of protection has been invalidated, and the "paraphernalia conviction holds no merit here because...after-the-fact judicial participation can not validate an unlawful arrest for purposes of false arrest action" (Doc. 38 at 2) (citing Reams v. City of Tucson, 701 P.2d 598 (Ariz. Ct. App. 1985)).  Plaintiff asserts that Gissel did not have probable cause for arresting Plaintiff, and that the trial court erred in not granting relief on both convictions (Doc. 38 at 2).  Plaintiff contends that the issue is whether Gissel had probable cause for the arrest (id. at 3).  Plaintiff provides extensive discussion of his alleged reasons that Gissel did not have probable cause and the trial court erred (id. at 3-10).  Plaintiff asserts "[i]t would be a manifested injustice for the district court to overlook these trial court errors and grant the defendant's motion to dismiss" (id. at 9).

### C. Defendant's Reply

In reply, Gissel maintains that Plaintiff's response provides no basis for denying the Motion to Dismiss (Doc. 41).

### D. Plaintiff's Surreply

Plaintiff states that if his claims imply the invalidity of his drug paraphernalia conviction, then the federal courts should be able to correct a lower court (Doc. 42 at 1-2).

## III. Motion to Dismiss Standard

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. North Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  Dismissal of the complaint, or any claim within it, may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" Johnson v. Riverside Healthcare System LP, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)).

The Court "may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (citing MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

## IV. Heck Bar

### A. Legal Standard

A civil rights claim brought pursuant to § 1983 that, if successful, would necessarily undermine the validity of a conviction may not be brought before the prisoner has obtained a "favorable termination" of the underlying conviction because a prisoner's sole federal remedy to challenge the validity of his confinement is a petition for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004) (disciplinary proceedings). That is, a civil rights claim under § 1983 *does not accrue* unless or until the prisoner has obtained a "favorable termination" of the underlying conviction, parole or disciplinary action. See Heck, 512 U.S. at 489; Docken, 393 F.3d at 1031. Under the "favorable termination" rule:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction of sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck, 512 U.S. at 486-87. Without such a showing of a "favorable termination," a person's cause of action under §1983 has not yet accrued. Id. at 489. Thus, success on any claim for damages pursuant to 42 U.S.C. §1983 that would necessarily imply the invalidity or duration of confinement does not accrue "and may not be brought" unless and until the underlying conviction, sentence or parole decision is reversed. Only then may a plaintiff properly seek damages pursuant to § 1983. Heck, 512 U.S. at 487.

### B. Analysis

The crux of Plaintiff's argument is that Gissel intentionally falsified the investigative report used to prosecute Plaintiff for violating the AOP (Doc. 27 at 3). Specifically, Plaintiff alleges that Gissel's statement that he verified the AOP is demonstrably false because if Gissel had verified the AOP, he would have discovered that it had expired. Further, Plaintiff disputes the statement in the report that Plaintiff was prohibited from being within a quarter-

- 7 -

1    mile of the victim's house. Plaintiff states that the orders of protection against him contain
2    no such requirement and, therefore, Gissel had no basis to arrest Plaintiff.

3    Plaintiff's arguments are unavailing. It is undisputed that at the time of Plaintiff's
4    arrest on May 3, 2008, all parties believed the AOP was valid. The AOP itself stated that it
5    was effective for one year from the date of service and it had been served only weeks before
6    (Doc. 36 at Ex. 1, Attachs. F-G). Most importantly, the AOP's affidavit of service did not
7    indicate that a *modified* order of protection was being served (id.).

8    Based on these undisputed facts, the Maricopa County Superior Court vacated
9    Plaintiff's conviction for violating the AOP, but upheld the conviction for possession of drug
10   paraphernalia because Gissel's conduct was based on a reasonable, good faith belief that his
11   actions were proper (id., Attach. A at 2-4). That is, Gissel made a "good faith mistake" in
12   believing the AOP was valid. Plaintiff's claims directly challenge the municipal court's
13   determination that Gissel made a good faith mistake in believing the AOP was valid. If the
14   Court were to accept Plaintiff's argument and grant relief, it would necessarily imply the
15   invalidity of Plaintiff's drug paraphernalia conviction. Heck, 512 U.S. at 489. It is for this
16   reason that Plaintiff's claims are Heck-barred.

17   And indeed, Plaintiff does not meaningfully dispute that his claims are barred. Rather,
18   Plaintiff asserts that he and Gissel have a negative "history" and that a federal court should
19   be able to "correct a lower court" (Doc. 42 at 2). But these unsupported arguments do not
20   alter the conclusion that success on his claims would invalidate his drug paraphernalia
21   conviction. Consequently, Plaintiff's Third Amended Complaint is subject to dismissal.

22   **V.    Res Judicata and Collateral Estoppel**

23   Alternatively, Gissel contends that either res judicata or collateral estoppel precludes
24   Plaintiff from relitigating his claims of malicious prosecution and false arrest in this action.
25   During his post-conviction relief proceedings, the municipal court explicitly held that Gissel
26   had probable cause to arrest Plaintiff, made a good faith mistake in believing the AOP was
27   valid, and was justified in relying on the victim's statement that she believed the AOP was
28

still in effect (Doc. 36, Ex. 1, Attach A). Plaintiff's claims in this case are identical to the arguments he presented during his post-conviction relief proceedings in arguing for reversal of his drug paraphernalia conviction. Compare Doc. 27 at 3-4, 12-13 (Pl.'s Third Am. Compl.) with Doc. 36, Ex. 7 (Pl.'s Petition for Post-Conviction Relief and Reply in support thereof). The municipal court explicitly considered and rejected these arguments and upheld Plaintiff's drug paraphernalia conviction (Doc. 36, Ex. 1, Attach. A). Now, Plaintiff argues that the superior court erred in failing to grant relief on both convictions (Doc. 38 at 2).

The Court agrees that res judicata now precludes Plaintiff from relitigating his malicious prosecution and false arrest claims. As a general rule, res judicata is an affirmative defense raised in an answer under Rule 8(c) of the Federal Rules of Civil Procedure, not in a motion to dismiss. Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984). Parties may, however, raise res judicata in a motion to dismiss when there is no fact in dispute. Id. The Court may take judicial notice of the pertinent state records, and Plaintiff has not disputed the accuracy of those records. And, the Ninth Circuit has held that preclusion doctrines may be raised sua sponte. Disimone v. Browner, 121 F.3d 1262, 1267 (9th Cir. 1997). Consequently, the res judicata defense is properly before the Court.

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must treat a state court judgment with the same respect that it would receive in the courts of the rendering State. Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 373 (1996). Principles of preclusion "not only reduce unnecessary litigation and foster reliance on adjudication, but also promote the comity between the state and federal courts that has been recognized as the bulwark of the federal system." Allen v. McCurry, 449 U.S. 90, 95-96 (1980). Federal courts may not use their own rules to determine the effect of state court judgments but must accept the rules of the State in which the judgment was made. Matsushita, 516 U.S. at 373.; Turnbow v. Pacific Mut. Life Ins. Co., 934 F.2d 1100, 1102 (9th Cir. 1991). Thus—and the parties do not suggest otherwise—Arizona law governs the preclusive effect to be accorded to the state court's adjudication.

Under Arizona law, res judicata bars a second suit on the same cause of action when there is a judgment on the merits in a prior suit involving the same parties or their privies. Chaney Bldg. Co. v. City of Tucson, 716 P.2d 28, 30 (Ariz. 1986). Res judicata bars every issue that was decided as well as every issue that could have been decided. Vance v. Vance, 601 P.2d 605, 606 (Ariz. 1979).

First, the issue of whether Gissel intentionally falsified his investigative report by stating that he did not know that the AOP was expired was expressly adjudicated in the municipal court (Doc. 36, Ex. 1, Attach. A). Any contrary decision now would improperly disturb that judgment. Second, the municipal court's decision was made with prejudice. Third, Gissel is entitled to the benefits of preclusion. Privity "is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." United States v. Bhatia, 545 F.3d 757, 760 (9th Cir. 2008) (quotations omitted). Gissel's interests were directly represented by the State during the adjudication of Plaintiff's petition for post-conviction relief.

The Court also finds that the standards for collateral estoppel are also satisfied, as Plaintiff's arguments were actually presented and considered and essential to the decision denying his post-conviction relief petition as to his drug paraphernalia conviction. See Chaney, 716 P.2d at 30. For these additional reasons, dismissal is appropriate.

**VI.  Miscellaneous Motions**

Gissel moves to strike Plaintiff's surreply as an unauthorized filing (Doc. 44). While Gissel is technically correct, the Court will nonetheless permit the filing and deny the motion to strike because consideration of the arguments in the surreply do not alter the Court's conclusions.

Finally, Plaintiff moves to suspend his incremental filing fee payments during his incarceration (Doc. 43). All prisoners who file civil actions *in forma pauperis* must pay the full amount of the filing fee. Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002) (citing

28 U.S.C. § 1915(b)(1)). The Court has no discretion to suspend Plaintiff's payments during his incarceration. Plaintiff's motion must therefore be denied.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Gissel's Motion to Dismiss, Gissel's Motion to Strike, and Plaintiff's Motion to Suspend Payments (Docs. 36, 43-44).

(2) Defendant's Motion to Dismiss (Doc. 36) is **granted**.

(3) The remaining motions (Doc. 43-44) are **denied**.

(4) This action is dismissed with prejudice and the Clerk of Court must enter judgment accordingly.

DATED this 14th day of October, 2010.

*[signature: H. Murray Snow]*

G. Murray Snow
United States District Judge

- 11 -